Robert Frank v. Commissioner.
Frank v. Commissioner
Docket No. 63407.
United States Tax Court
T.C. Memo 1956-236; 1956 Tax Ct. Memo LEXIS 58; 15 T.C.M. (CCH) 1233; T.C.M. (RIA) 56236; October 25, 1956
*58 Thomas E. Tyre, Esq., for the respondent. MURDOCK Memorandum Opinion MURDOCK, Judge: The Commissioner determined a deficiency of $147 in the income tax of the petitioner for 1953. The only adjustment made by the Commissioner in determining the deficiency was to disallow one exemption. He explained: "The exemption credit claimed for your foster mother, Lillian Alfred, has been disallowed since she was not within the proper degree of relationship to be allowed as a dependent under the provisions of Section 25(b)(3) of the 1939 Internal Revenue Code." The only issue for decision is whether the Commissioner erred in disallowing that exemption. All of the material facts alleged in the petition have been admitted in the answer and the Commissioner moved for judgment on the pleadings. The parties were notified that they would be heard on that motion on October 17, 1956, but there was no appearance for the petitioner at that hearing. It is alleged and admited that the petitioner in good faith claimed Mrs. Lillian Alfred, his foster mother, as a dependent and he had been her only means of support for many years. Section 25(b)(3) of the Internal Revenue Code *59 applicable to the year 1953 defines "dependent" to include a number of persons, including a mother or a stepmother of the taxpayer, a sister of the father or mother of the taxpayer, and a mother-in-law of the taxpayer. The definition also mentions relationship "by the half-blood", and it provides that in determining whether any of the foregoing relationships exist a legally adopted child shall be considered a child. But a foster mother is one who has merely performed the duties of a parent to the child of another without any relationship by blood, marriage or adoption, and such a person is not included in the definition of dependents referred to above. It follows that the Commissioner did not err in disallowing the deduction. Ecision will be entered for the respondent.